IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIC LITTLE,

     Plaintiff,                    No. 2:10-cv-2490 JAM DAD (PC)

    vs.

C. MARCIANO, et al.,

     Defendants.           ORDER

                                /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 14, 2011, this court directed the United States Marshal to request a waiver of service from three defendants, P.A. C. Marciano, Nurse Murphy, and Nurse Story. The order further directed the United States Marshal to personally serve process on any defendant who did not return a waiver of service of summons within sixty days from the date the request for waiver was mailed.

        On April 18, 2011, the United States Marshal returned waivers from defendants Marciano and Story. On April 25, 2011, defendants Marciano, Story and Murphy answered the complaint. The United States Marshal has not returned service for defendant Murphy, and has reported to the court that an attempt to personally serve defendant Murphy at High Desert State Prison was unsuccessful because the deputy marshal sent to serve process was, inexplicably,

1

denied entry to the prison. The United States Marshal has requested guidance concerning further service in view of the fact that the docket in this action reflects that defendant Murphy has answered the complaint.

This is not the first time that an answer has been filed on behalf of state defendants prior to completion of service and without notification by defendants or their counsel to the United States Marshal's office that personal service was being waived. In those instances, the United States Marshal's office has wasted time and valuable resources in an unnecessary effort to complete service of process. In the instant case, the court will relieve the United States Marshal of any further obligation to serve defendant Murphy. Counsel for defendants is requested to take note, and to take all steps necessary to notify her defense colleagues, that this court will in the future order reimbursement of costs associated with personal service even if such service is accomplished after a defendant has answered a complaint where the defendant or his or her counsel have failed to contact the U.S. Marshal's office. The issue at hand can be completely avoided by counsel through review of the docket in an action and communication with the United States Marshal when an answer is tendered on behalf of one or more unserved defendants. Nothing in this order should be construed to discourage counsel from, as appropriate, filing one answer on behalf of all defendants to an action, even if service is incomplete for one or more of the defendants. In such circumstances, counsel should communicate directly with the United States Marshal's office as soon as the decision to answer the complaint for an unserved defendant is reached.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The United States Marshal is relieved of any further obligation to serve defendant Nurse Murphy;

2. Within ten days from the date of this order the United States Marshal shall file an appropriate return of service for said defendant; and

/////

3. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal's Office.

DATED: July 25, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
litt2490.svc