IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIC LITTLE,

        Plaintiff,                  No. 2:10-cv-2490 JAM DAD (PC)

    vs.

P.A. C. Marciano, et al.,

        Defendants.

_____/        ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Marciano, Murphy, and Story violated his rights under the Eighth Amendment by refusing to move plaintiff from an upper to a lower bunk. Plaintiff alleges that he told the defendants that he has a "blind condition" but they refused to move him until after he fell and injured himself. This matter is before the court on defendants' motion to compel discovery responses, plaintiff's motion for a protective order, and defendants' application to modify the scheduling order.

        By their motion to compel, defendants seek an order requiring plaintiff to provide responses to each of their first set of interrogatories, requests for production of documents, and requests for admissions. Defendants present evidence that the requests were served on plaintiff on June 1, 2011, responses were due on July 18, 2011, and no responses have been served.

1

Plaintiff has not opposed the motion.  Good cause appearing, defendants' motion will be granted. Plaintiff will be directed to serve responses to the discovery requests within forty-five days from the date of this order.  Plaintiff is cautioned that failure to comply with this order will result in imposition of sanctions, which may include a recommendation that this action be dismissed.

Defendants also seek an ordering requiring plaintiff to pay $380.00 in expenses incurred by defendants in preparing the motion to compel.  Plaintiff is an indigent litigant proceeding without counsel, and this is his first failure to respond to discovery in this action. Under the circumstances, the court finds that an award of expenses for this motion would be unjust.  Accordingly, the request will be denied.  See Fed. R. Civ. P. 37(a)(5)(A)(iii).

On July 29, 2011, plaintiff filed a document styled as an objection to the subpoena issued by defendants for plaintiff's medical records.  Plaintiff seeks return of the records to him. With their opposition, defendants present evidence that they first sought authorization from plaintiff to obtain his medical records.  Rule 45 of the Federal Rules of Civil Procedure requires a court, on timely motion, to "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "[B]oth courts and commentators alike have consistently taken the view that when a party places his or her physical . . . condition in issue" the right to privacy in medical records is waived. Ferrell v. Glen-Gery Brick, 678 F.Supp. 111, 112-13 (E.D.Pa. 1987).  Plaintiff has placed his medical condition in issue and has waived any privacy rights with respect to medical records that concern his "blind condition" as alleged, as well as any injuries he sustained as a result of the fall alleged in the complaint.  To the extent that defendants have received medical records that exceed the scope of the issues tendered by the complaint, they will be directed to return such records forthwith.  Otherwise, plaintiff's objection to the subpoena, construed as a motion to quash, will be denied.

Finally, defendants seek to extend the deadline for filing dispositive motions due to the pendency of the foregoing discovery motions.  Good cause appearing, defendants' request

will be granted and the court will, by this order, set a new deadline for filing such motions.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' July 29, 2011 motion to compel is granted.

2. Within forty-five days from the date of this order plaintiff shall file and serve responses to defendants' first set of interrogatories, first set of requests for production of documents, and first set of requests for admissions. Plaintiff is cautioned that failure to comply with this order will result in imposition of sanctions, which may include a recommendation that this action be dismissed.

3. Defendants' July 29, 2011 request for expenses is denied.

4. Plaintiff's July 29, 2011 objection to subpoena is construed as a motion to quash a subpoena for his medical records. Defendants shall forthwith return such medical records, if any, they received which are unrelated to the claims at bar. In all other respects plaintiff's July 29, 2011 motion is denied.

5. Defendants' September 28, 2011 application to modify the scheduling order is granted.

6. The scheduling order filed May 19, 2011 is modified to extend the deadline for filing dispositive motions from November 14, 2011 to March 16, 2012.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

DATED: October 3, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
litt2490.dis

3