1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEMETRIC LITTLE,

11            Plaintiff,              No. 2:10-cv-2490 JAM DAD (PC)

12        vs.

13   P.A. C. MARCIANO, et al.,

14            Defendants.        FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.   On November 21, 2011, defendants filed a motion to dismiss this action as a

18   sanction for plaintiff's failure to comply with a court order and to participate in discovery.   On

19   February 14, 2011, the court advised plaintiff of the requirements for opposing a discovery

20   motion and a motion pursuant to Rule 41 of the Federal Rules of Civil Procedure and that his

21   failure to oppose such a motion might be deemed a waiver of opposition to the motion.

22            On December 22, 2011, plaintiff was ordered to file an opposition or a statement

23   of non-opposition to the pending motion to dismiss within thirty days.   In the same order,

24   plaintiff was informed that his failure to file an opposition would result in a recommendation that

25   this action be dismissed pursuant to Fed. R. Civ. P. 41(b).   The thirty day period has now expired

26   and plaintiff has not responded to the court's order.

1

1    "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

2    an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

3    1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

4    court order the district court must weigh five factors including:  '(1) the public's interest in

5    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

6    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

7    and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting

8    Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). See also Ghazali v. Moran, 46

9    F.3d 52, 53 (9th Cir. 1995).

10    In determining to recommend that this action be dismissed, the court has

11    considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

12    support dismissal of this action.  The action has been pending for almost eighteen months.  The

13    deadline set in the court's May 19, 2011 scheduling order for completion of discovery has

14    passed, and the time for filing dispositive motions, as extended by the court's October 4, 2011

15    order, is only approximately a month and a half away.  Plaintiff's failure to comply with the

16    Local Rules and the court's December 22, 2011, order suggests that he has abandoned this civil

17    action and that further time spent by the court thereon will consume scarce judicial resources in

18    addressing litigation which plaintiff demonstrates no intention to pursue.

19    Consideration of the fifth Ferdik factor also favors dismissal.  The court has

20    advised plaintiff of the requirements under the Local Rules and granted ample additional time to

21    oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of

22    this action.

23    Under the circumstances of this case, the third factor, prejudice to defendants

24    from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

25    oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

26    F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
litt2490.46fr

3